[Cite as *State v. Spomer*, 2023-Ohio-1312.]

COURT OF APPEALS
KNOX COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | |
|---|---|
| STATE OF OHIO | JUDGES:<br>Hon. William B. Hoffman, P.J. |
| Plaintiff-Appellee | Hon. John W. Wise, J.<br>Hon. Craig R. Baldwin, J. |
| -vs- | |
| | Case No. 22CA000013 |
| SHAWN SPOMER | |
| Defendant-Appellant | O P I N I O N |

CHARACTER OF PROCEEDING:    Criminal Appeal from the Court of Common
Pleas, Case No. 21CR08-0175

JUDGMENT:    Affirmed

DATE OF JUDGMENT ENTRY:    April 21, 2023

APPEARANCES:

For Plaintiff-Appellee

CHARLES T. McCONVILLE
PROSECUTING ATTORNEY
NICOLE E. DERR
ASSISTANT PROSECUTOR
117 East High Street, Suite 234
Mount Vernon, Ohio  43050

For Defendant-Appellant

TODD W. BARSTOW
261 West Johnstown Road
Suite 204
Columbus, Ohio  43230

*Wise, J.*

{¶1} Defendant-Appellant Shawn P. Spomer, appeals his convictions on one count of Grand Theft of a Motor Vehicle and one count of Theft, entered in the Knox County Common Pleas Court following a jury trial.

{¶2} Appellee is the State of Ohio.

<u>STATEMENT OF THE FACTS AND CASE</u>

{¶3} The relevant procedural facts leading to this appeal are as follows.

{¶4} On August 9, 2021, the Knox County Grand Jury indicted Shawn P. Spomer on one count of Grand Theft of a Motor Vehicle, in violation of R.C. §2913.02(A)(1), a felony of the fourth degree, and one count of Theft, in violation of R.C. §2913.02(A)(2), a felony of the fifth degree.

{¶5} On August 14, 2021, Appellant was located and arrested in Colorado and refused to waive extradition, requiring the State to obtain a Governor's warrant for his return to the State of Ohio. Appellant posted bond in Colorado and subsequently was charged with multiple offenses in Kansas on December 1, 2021. Again, Appellant refused to waive extradition, and the State began working on a second Governor's warrant for the Defendant's return. However, on January 24, 2022, Appellant waived extradition from Kansas to Ohio.

{¶6} On February 2, 2022, Appellant was placed in the custody of the Knox County Sheriff.

{¶7} The case was originally scheduled for trial on April 5, but Appellant filed a Motion for New Counsel on February 11, 2022 and a Motion to Dismiss for Speedy Trial Violations on March 17, 2022.

**{¶8}** After denying both motions and granting a continuance, the trial court rescheduled the trial for May 17, 2022.

**{¶9}** At trial, the jury heard the following testimony and received the following evidence:

**{¶10}** On Monday, January 18, 2021, Jeremy Waite arrived at his business, Buckeye Auto Care, and discovered that his Ford F450 wrecker was missing. He called the Mount Vernon Police Department to make a report of a stolen vehicle, and Patrolman Patience Weiser arrived to take his statement.

**{¶11}** Ptl. Weiser went to the Town Center Market gas station to check if they had any security footage that she could view. Ptl. Weiser reviewed the footage from Sunday, January 17, 2021. The video showed an individual walk around the wrecker at approximately 6:45 a.m. then cross the street and enter the Town Center Market. Due to COVID, the male had a face mask on and his face was partially obscured. However, the security footage showed a male in a tan Carhartt-style jacket with a dark hoodie underneath, blue jeans with a white emblem on the rear pocket, and a gold color ring on his right hand. The male left a few minutes later, then crossed the street and walked behind the wrecker. Approximately ten minutes later, the wrecker's lights turned on and the vehicle was driven away. Ptl. Weiser therefore entered the vehicle into LEADS as a stolen vehicle. (T. at 105-114).

**{¶12}** On January 22, 2021, the Hilliard Police Department was conducting surveillance on a house in Hilliard, Ohio, on unrelated issues. During that surveillance, Det. Justin Cramer took multiple photographs of the property and the individuals coming in and out of the property. One individual was wearing a tan Carhartt-style jacket with a

dark color hoodie underneath and blue jeans with a white emblem on the rear pocket and was carrying a black backpack with a white logo, consistent with the Under Armour logo. Additionally, Det. Cramer noticed what appeared to be some kind of tattoo on the individual's left hand. (T. at 163-172).

{¶13} Later that same day, Hilliard Police Officer Dustin Gigandet was working traffic duty in Hilliard, Ohio, when he performed a traffic stop on a black Chevy Blazer based on a fictitious plate violation. Appellant Shawn Spomer was the passenger in the vehicle. Because the vehicle could not legally be driven from the scene, it was impounded, and a vehicle inventory was performed as part of department standards. During the inventory of the vehicle, a black backpack with a white Under Armour emblem, consistent with the backpack seen earlier at the residence, was found in the rear passenger seat of the vehicle behind Appellant. (T. at 153-163).

{¶14} Based on their investigation, the Hilliard Police Department sought and obtained a search warrant for the house, which was executed on January 25, 2021. During the search warrant, the Hilliard Police detained multiple individuals, including Appellant. The stolen Ford F450 was found on the property. The officers conducted a VIN check on the vehicle and discovered that it was a stolen vehicle. (T. at 173-199).

{¶15} Hilliard police contacted Ptl. Weiser to inform her that they had found the vehicle. She then notified Jeremy Waite that the vehicle had been found, and the truck was returned to Buckeye Auto. Waite submitted the damages to his insurance company and received an estimate of approximately $16,000.00 to repair the vehicle. Tools worth over $1,000 were missing from the truck. (T. at 82-83).

**{¶16}** On May 18, 2022, following deliberations, the jury returned a guilty verdict on both counts. Sentencing was set for June 9, 2022.

**{¶17}** At sentencing, the trial court sentenced Appellant to a definite term of imprisonment of seventeen (17) months on Count One and eleven (11) months on Count Two, to run concurrently.

**{¶18}** Appellant now appeals, raising the following Assignment of Error:

<u>ASSIGNMENT OF ERROR</u>

**{¶19}** "I. THE TRIAL COURT ERRED AND DEPRIVED APPELLANT OF DUE PROCESS OF LAW AS GUARANTEED BY THE FOURTEENTH AMENDMENT TO THE UNITED STATES CONSTITUTION AND ARTICLE ONE SECTION TEN OF THE OHIO CONSTITUTION BY FINDING HIM GUILTY OF THEFT AS THOSE VERDICTS WERE NOT SUPPORTED BY SUFFICIENT EVIDENCE AND WAS ALSO AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE."

**I.**

**{¶20}** In his sole Assignment of Error, Appellant argues his conviction was against the manifest weight and sufficiency of the evidence. We disagree.

**{¶21}** The legal concepts of sufficiency of the evidence and weight of the evidence are both quantitatively and qualitatively different. *State v. Thompkins,* 78 Ohio St.3d 380, 1997–Ohio–52, 678 N.E.2d 541, paragraph two of the syllabus.

**{¶22}** In determining whether a verdict is against the manifest weight of the evidence, the appellate court acts as a thirteenth juror and "in reviewing the entire record, weighs the evidence and all reasonable inferences, considers the credibility of witnesses, and determines whether in resolving conflicts in evidence the jury 'clearly lost its way and

created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered.' " *State v. Thompkins*, 78 Ohio St. 3d 380, 387, 1997-Ohio-52, 678 N.E.2d 541, *quoting State v. Martin*, 20 Ohio App. 3d 172, 175, 485 N.E.2d 717 (1983). The granting of a new trial "should be exercised only in the exceptional case in which the evidence weighs heavily against the conviction." *Martin* at 175, 485 N.E.2d 717.

{¶23} An appellate court's function when reviewing the sufficiency of the evidence is to determine whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt. *State v. Jenks*, 61 Ohio St. 3d 259, 574 N.E.2d 492, paragraph two of the syllabus (1991).

{¶24} Appellant herein was found guilty on one count of Grand Theft of a Motor Vehicle, pursuant to R.C. §2913.02(A)(1), and one count of Theft, pursuant to R.C. §2913.02(A)(2), which provide, in relevant part:

Theft; Aggravated Theft

(A) No person, with purpose to deprive the owner of property or services, shall knowingly obtain or exert control over either the property or services in any of the following ways:

(1) Without the consent of the owner or person authorized to give consent;

(2) Beyond the scope of the express or implied consent of the owner or person authorized to give consent;

**{¶25}** Appellant does not challenge that the crimes of grand theft and theft in this case occurred, but that the state failed to prove that he was the one who committed the crimes. Identity therefore is the sole issue in the case.

**{¶26}** It is well settled that the State may rely on circumstantial evidence to prove an essential element of an offense, because "circumstantial evidence and direct evidence inherently possess the same probative value[.]" *Jenks,* 61 Ohio St.3d 259, 574 N.E.2d 492 at paragraph one of the syllabus. " 'Circumstantial evidence' is the proof of certain facts and circumstances in a given case, from which the jury may infer other connected facts which usually and reasonably flow according to the common experience of mankind." *State v. Duganitz* (1991), 76 Ohio App.3d 363, 601 N.E.2d 642, quoting Black's Law Dictionary (5 Ed.1979) 221. "Since circumstantial evidence and direct evidence are indistinguishable so far as the jury's fact-finding function is concerned, all that is required of the jury is that it weigh all of the evidence, direct and circumstantial, against the standard of proof beyond a reasonable doubt." *Jenks,* 61 Ohio St.3d at 272, 574 N.E.2d 492.

**{¶27}** While there may not have been any direct evidence to support Appellant's conviction for the theft and grand theft charges, we find that there was sufficient circumstantial evidence. Circumstantial evidence and direct evidence have the same probative value. *State v. Dodds*, 7th Dist. Mahoning No. 05 MA 236, 2007-Ohio-3403, 2007 WL 1897774, ¶ 88, citing *Jenks*, 61 Ohio St.3d at 272, 574 N.E.2d 492. "A conviction based on purely circumstantial evidence is no less sound than a conviction based on direct evidence." *State v. Begley*, 12th Dist. Butler No. CA92-05-076, 1992 WL 379379, (Dec. 21, 1992), citing *State v. Apanovitch*, 33 Ohio St.3d 19, 27, 514 N.E.2d 394 (1987).

**{¶28}** From the evidence, the jury could deduce the following: Appellant was in possession of and/or was wearing the same style Carhartt jacket, Under Armour hoodie, denim jeans with logo and gold ring as the suspect in the surveillance video. Additionally, Appellant had a tattoo on his left hand, which appeared to match that of the suspect in the video. Appellant was also found at the property where the stolen vehicle was located. The testimony, surveillance video and still photographs together with Appellant's clothing and appearance, and his presence at the location where the stolen truck was located, all support the jury's finding that Appellant was the person that committed the theft offenses in this case.

**{¶29}** Viewing this circumstantial evidence and inferences reasonably drawn therefrom in the light most favorable to Appellee, we conclude any rational trier of fact could have found all of the essential elements of grand theft of a motor vehicle and theft beyond a reasonable doubt.

**{¶30}** The record is devoid of any evidence the jury lost its way in resolving conflicts in the evidence, and Appellee's evidence supports the guilty verdicts of the trial court.

**{¶31}** We therefore find that the jury's verdicts are not against the manifest weight or sufficiency of the evidence.

{¶32} Appellant's sole assignment of error is overruled.

{¶33} For the reasons stated in the foregoing opinion, the decision of the Knox County Court of Common Pleas is affirmed.

By: Wise, J.

Hoffman, P. J., and

Baldwin, J., concur.

JWW/kw 0419